UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

ELIZABETH LARUE,

        Plaintiff,

v.                                      Civil Action No.: 5:25-cv-00519

WEST VIRGINIA CVS PHARMACY,
LLC, d/b/a CVS/PHARMACY Store ID
#6333, 9781 Seneca Trail S. Lewisburg,
WV, and ALYSSA WADDELL, as manager,
employee, and agent of WEST VIRGINIA
CVS PHARMACY, LLC, d/b/a
CVS PHARMACY Store ID #6333,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending are Plaintiff Elizabeth Larue's (1) Motion for Leave to File First Amended Complaint, [ECF 8], filed September 4, 2025, and (2) Motion to Remand [ECF 7], filed September 4, 2025. Defendants West Virginia CVS Pharmacy, LLC ("CVS") and Alyssa Waddell responded in opposition to both motions [ECF 10, 11] on September 18, 2025, to which Ms. Larue replied [ECF 13, 14] on September 26, 2025.[1] Pending also is Defendants' Motion to Dismiss, filed September 2, 2025. [ECF 4]. Ms. Larue responded in opposition [ECF 9] on September 17, 2025, to which Defendants replied on September 24, 2025. [ECF 12]. The matter is ready for adjudication.

**I.**

On July 22, 2025, Ms. Larue instituted this action in the Circuit Court of Greenbrier County. [ECF 1, Ex. A at 1]. She alleges CVS and Ms. Waddell are responsible for personal

---

[1] Pending also is Ms. Larue's Motion for Hearing. [ECF 20]. The Motion for Hearing is **DENIED** inasmuch as argument would not aid the decisional process.

injuries she sustained at the subject CVS store. [*Id.* at 5]. On August 26, 2025, CVS filed its Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

On September 2, 2025, Defendants filed a Motion to Dismiss, [ECF 4], contending Ms. Larue failed (1) to state a claim against Ms. Waddell, [ECF 5 at 3], or (2) to allege Ms. Waddell owned or possessed the CVS store. [*Id.*]. They further seek to strike the punitive damages request as based solely upon simple negligence. [*Id.* at 5].

On September 4, 2025, Ms. Larue filed a Motion for Leave to File First Amended Complaint ("proposed amended Complaint"). [ECF 8]. The proposed amended Complaint seeks to add as parties defendant CVS Pharmacy Inc. and the Roger Boone Family Trust, LLC ("Trust"). The proposed amended Complaint also removes Ms. Waddell and joins in her stead Defendants John and Jane Does 1-10 as managers, agents, and employees "until such time as discovery on this issue is complete and the proper parties may be named." [*Id.* at 2]. Ms. Larue concedes Ms. Waddell was improperly named inasmuch as she is not the store manager. Defendants oppose the amendment, contending the proposed amended Complaint is futile as failing to state a claim against the parties she seeks to join. [ECF 11 at 1].

That same date, Ms. Larue filed a Motion to Remand. [ECF 7]. She alleges removal was untimely and subject matter jurisdiction is absent. [*Id.*]. She asserts the notice came after expiration of the 30-day statutory deadline. [*Id.*]. She also challenges diversity jurisdiction, contending (1) the amount in controversy is unsatisfied, and (2) the trust is a West Virginia citizen. [*Id.* at 5]. Defendants assert (1) original jurisdiction is properly alleged and removal was timely, [ECF 10 at 1, 8], (2) Ms. Waddell's joinder is fraudulent, [*Id.* at 3], and (3) the additional allegations in the proposed amended Complaint satisfy the jurisdictional minimum, [*Id.* at 6].

**II.**

### A. Motion to Amend

As noted, Ms. Larue seeks to remove Ms. Waddell and replace her with John and Jane Does 1-10, CVS Pharmacy Inc., and the Trust.

Rule 15 (a)(1)(B) of the *Federal Rules of Civil Procedure* allows a party to amend its pleading once as a matter of course if in accordance with the applicable, demanding time requirements. Fed. R. Civ. P. 15(a)(1)(B). If the pleading being amended is one to which a responsive pleading is required, a party may amend "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." *Id.*

Ms. Larue filed her Motion for Leave to File First Amended Complaint on September 4, 2025, [ECF 8], permitting her to amend as of right under Rule 15(a)(1)(B). Nevertheless, the proposed amended Complaint seeks to add a diversity-destroying defendant. Title 28 U.S.C. § 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Under § 1447(e), "the . . . decision on whether or not to permit joinder . . . is committed to the sound discretion of the district court." *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999).

### B. Motion to Remand

Ms. Larue alleges (1) removal was untimely, (2) the Trust, the alleged owner of the premises, is not diverse from Ms. Larue, and (3) the amount in controversy is unsatisfied. [ECF 7]. "For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members . . . ." *Central W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Gen. Tech. Applications,*

*Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004). The Trust consists of three members, each of whom is domiciled, respectively, in Beaver, Fayetteville, and Beckley.  Therefore, the Trust is a West Virginia citizen and qualifies as a diversity-destroying defendant.

Title 28 U.S.C. § 1441 provides that a civil action may be removed from state court if the district court is vested with original jurisdiction. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The party seeking removal must demonstrate jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is narrowly construed. *Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005) (citing *Mulcahey*, 29 F.3d 148, 151). Remand is necessary if federal jurisdiction is doubtful. *Mulcahey*, 29 F.3d 148, 151 (citing *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993); *Cheshire v. Coca–Cola Bottling Affiliated, Inc.*, 758 F.Supp. 1098, 1102 (D.S.C.1990)).

Additionally, complete diversity is necessary, meaning no party may share common citizenship with any party on the opposing side. *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)).

### 1. Timeliness

Title 28 U.S.C. § 1446 specifies many of the requirements for removal procedure. The material provisions follow:

> **(a) Generally.--** A defendant . . . desiring to remove . . . from a State court shall file . . . a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> **(b) Requirements; generally.--** (1) The notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to

be served on the defendant, whichever period is shorter.

(2)(A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

(B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.

. . . .

(3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C.A. § 1446(a), (b); *see Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996); *Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, 865 F.3d 181, 186 (4th Cir. 2017). The statute provides a defendant must remove within thirty days of receiving "through service or otherwise, . . . a copy of an amended pleading, motion, order[,] or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Again, removal occurred on August 26, 2025. [ECF 10 at 8]. It is undisputed Defendant CVS was served with a copy of the summons and complaint on July 28, 2025. [*Id.* at 9]. It denies an earlier awareness of the operative pleading, specifically, the July 25, 2025, service accomplished upon Ms. Waddell. [*Id.*]. CVS was required to remove by August 27, 2025, or 30 days after service of process, unless "the case stated by the initial pleading [was] not removable." 28 U.S.C. § 1446(b)(3). Ms. Larue asserts just that, namely, that CVS learned on July 25, 2025, that Ms. Waddell was properly served, with such process constituting an "other paper" permitting removal under § 1446(b)(3). [*Id.*]. Ms. Larue's assertions are no more than speculation unsupported by any competent, evidentiary showing. Removal was thus timely.

5

## 2. Amount in Controversy

Removability hinges "upon the state of the pleadings and the record at the time of removal . . . ." *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) (quoting *Alabama Great S. Ry. Co. v. Thompson*, 200 U.S. 206, 216 (1906)). "In this circuit, it is settled that the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) (quoting *Gov't Emps. Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)).  Additionally, 28 U.S.C. § 1446(c)(2)(B) provides as follows:

> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks--
>
> > (i) nonmonetary relief; or
> >
> > (ii) a money judgment, but *the State practice either does not permit demand for a specific sum* or permits recovery of damages in excess of the amount demanded; and
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

*Id.* (emphasis added).

West Virginia law provides as follows: "In any action to recover damages for personal injury . . . , no specific dollar amount or figure relating to damages being sought may be included in the complaint." W. Va. Code Ann. § 55-7-25.  Additionally, both the Supreme Court and our Court of Appeals have observed the procedure governing adjudication of the amount in controversy, along with that statutory quantum of proof: "To resolve doubts regarding a defendant's asserted amount in controversy, 'both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been

satisfied.'" *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014).

The Complaint at removal sought compensatory damages for serious and permanent bodily injuries, past and future physical and mental pain and suffering, emotional distress, mental anguish, annoyance and inconvenience, loss of ability to engage in normal pursuits, loss of enjoyment of life, past and future medical expenses, past and future lost wages, loss of future earning capacity, and punitive and exemplary damages. [ECF 1-1, at 16–17].  No evidentiary development is necessary inasmuch as these allegations, which the Defendants would not contest in this jurisdictional phase of the controversy, would unquestionably satisfy the amount-in-controversy.

Ms. Larue's medical bills currently total approximately $5,000, and she forecasts "additional sums of money for medical care and treatment, including future surgeries and medical treatments due to her injuries." [ECF 8-1 at 14]. Upon proof of these likely uncontroverted damage elements, she would additionally be entitled to a "substantial amount" for pain and suffering. *See McKenzie v. Sevier*, 244 W. Va. 416, 425, 854 S.E.2d 236, 245 (2020) ("[W]here a verdict does not include elements of damage which are specifically proved in uncontroverted amounts and a substantial amount as compensation for injuries and the consequent pain and suffering, the verdict is inadequate and will be set aside.") (cleaned up); *King v. Bittinger*, 160 W. Va. 129, 231 S.E.2d 239, 243 (1976).

The additional resulting emotional distress, mental anguish, and annoyance and inconvenience would all cause the meter to move further, not to mention the future damage components she alleges, along with her request for punitive damages. Ms. Larue's contentions to the contrary are meritless.

**3. Diversity**

In addition to the governing standards earlier mentioned, the fraudulent joinder "doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Id.* (citing *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677–78 (5th Cir. 1999)). To establish fraudulent joinder of a nondiverse defendant, "the removing party must establish either: [t]hat there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Id.* at 464 (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). Defendants bear a heavy burden in establishing fraudulent joinder, demonstrating -- after resolving all issues of fact and law in Ms. Larue's favor -- that no claim exists against the nondiverse defendant. *Id.* (citing *Marshall*, 6 F.3d at 232–33) (citation omitted).

When a plaintiff seeks to amend her complaint to join a nondiverse defendant post removal, the analysis begins with 28 U.S.C. § 1447(e) according to the standards earlier mentioned. The Court considers, *inter alia*, "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id. See Gum v. General Electric Co.*, 5 F. Supp.2d 412, 414 (quoting *Coley v. Dragon Ltd.*, 138 F.R.D. 460, 465 (E.D. Va. 1990) (citing *Hensgens*, 833 F.2d at 1182)).

The analysis begins with the fact Ms. Larue conceded Ms. Waddell was not the manager of the subject CVS store and, therefore, joined improperly. She thus necessarily conceded

8

(1) no claim existed against the in-state defendant, (2) Ms. Waddell's citizenship is properly disregarded, and (3) diversity existed at removal. As noted, however, she now seeks to join CVS Pharmacy Inc., the Trust, and John and Jane Does 1-10, the latter of which is disregarded for citizenship purposes. As noted, the Trust is a West Virginia citizen and would, if joined, destroy diversity.

Turning to the governing factors, Ms. Larue included a non-diverse Defendant at filing. She only sought to excise that party after a challenge by the Motion to Dismiss. She then promptly sought to add another diversity-destroying party, the Trust, in Ms. Waddell's stead. Although West Virginia law imposes upon premises owners certain tort liability for a defective or dangerous property condition, *Durm v. Heck's Inc.*, 184 W.Va. 562, 565, 401 S.E.2d 908, 910 (1991) (cleaned up), the late, attempted addition of the nondiverse Trust could give rise to a forum-manipulation concern. It might just as easily not do so, given Ms. Larue moved without undue delay, and in accordance with Rule 15, to remove Ms. Waddell and join the additional parties. The first two factors thus slightly favor permitting the amendment.

Nevertheless, if the amendment is disallowed, at least one party against whom liability might properly be asserted will not be joined. This would require an entirely separate action be filed against that party and others in a new state court action. Those considerations are the tie breakers, and the § 1447(e) factors favor amendment and remand.

### III.

Based upon the foregoing, Ms. Larue's Motion for Leave to File First Amended Complaint, [ECF 8], is **GRANTED** and the proposed amended Complaint is **ORDERED** filed today. The Court **GRANTS** Ms. Larue's Motion to Remand, [ECF 7], and **REMANDS** the case to the Circuit Court of Greenbrier County.

9

The Court **DIRECTS** the Clerk to send a copy of this written opinion and order to counsel of record, any unrepresented party, and to the Clerk of the Circuit Court of Greenbrier County, West Virginia.

ENTER:    April 16, 2026

Frank W. Volk
Chief United States District Judge

10